ON REVIEW OF AN ORDER FOR THE EXAMINATION OF
THOMAS A. EDISON UNDER A COMMISSION FROM
THE SUPREME COURT OF NEW YORK.

Argued November 13, 1902—Decided November 14, 1902.

1.  A justice of this court having made an order that a subpœna should
    issue requiring T. A. E. to appear and testify and produce certain
    documents before a commissioner, in obedience to a commission
    issued by the Supreme Court of New York directing that T. A. E.
    should appear and testify before the commissioner—*Held*—
    (1) That such an order is not within the rule of this court re-
    quiring rules to be entered on the minutes within ten days.
    (2) That such an order is subject to review by the court without
    a *certiorari.*
    (3) That such an order is not voidable merely because formal
    proof of the commission was not presented to the justice who made
    the order.
    (4) That, so far as the order directed the production of docu-
    ments, it was illegal.
2.  *Quære.* Does section 58 of the Evidence act (*Pamph. L.* 1900, *p.*
    362) authorize an order for the production of documents?

On motion to quash order for a subpœna.

Before Justices DIXON, COLLINS and HENDRICKSON.

For the motion to quash, *William B. Guild.*

*Contra, Louis Hicks.*

The opinion of the court was delivered by

DIXON, J.   Under section 58 of the Evidence act (*Pamph.
L.* 1900, *p.* 362), the Chief Justice made an order for the
issuance of a subpœna out of this court directing Thomas A.
Edison to appear and testify and produce certain documents
before a commissioner appointed by a commission sent by
the Supreme Court of the State of New York. A *subpœna
duces tecum* having been issued accordingly, a motion is now
made to quash the order and the writ.

This motion is properly made without a *certiorari*, because the order, although resting wholly on statutory authority and not relating to a matter pending in this court, is filed with the clerk of the court and deals with the process of the court. Hence both in form and in substance the order is within the jurisdiction of the court, as is, of course, the writ itself.

The first reason urged for quashing the order is, that it was not entered on the minutes of the court within ten days after it was signed, in accordance with rule No. 40 of the court. But we think this rule is not applicable to statutory orders not connected with litigation pending in the court.

The second reason is that there was not presented to the Chief Justice legal proof of the commission issued by the Supreme Court of New York, the only evidence before him being an allegation under oath that such a commission had been sent. Our statute does not in express words require such proof, and it is now conceded that such a commission was and still is in force. On this ground we decline to quash the order.

The last reason is that the statute does not warrant the order for a *subpœna duces tecum*.

The language of the act is that an order may be made awarding process of subpœna out of the Supreme Court for the person named in the commission to appear and testify before the commissioner. Whether the spirit of this law embraces the production of documents, we need not now decide; it is enough to hold that even the spirit does not extend beyond the making of an order in aid of the commission. The present commission will be satisfied by the testimony of Mr. Edison; it does not indicate that any documents are to be produced by him, and its purpose will be fully effectuated by a subpœna without the *duces tecum* clause. If the production of documents is desired, the Supreme Court of New York should first determine whether it will require their production, and then the question can be raised here whether our statute is broad enough to afford the necessary assistance.

The order, so far as it relates to the production of documents, should be quashed; in other respects, affirmed. The subpœna issued should be set aside, and another subpœna, without the *duces tecum* clause, should be issued in its stead.